## IN THE MUNICIPAL COURT OF FRANKLIN COUNTY, OHIO

Kenneth Johansen,  
and Rita Johansen,  
5202 Avery Oak Drive  
Dublin, Ohio 43016  

      PLAINTIFFS  

-vs-  

Origin Warranty, LLC  
14960 Clarke Ave.  
Hacienda Heights, CA 91745,  

and  

Palmer Administrative Services, Inc.  
3430 Sunset Avenue  
Ocean, NJ 07712  

and  

Empire Consumer Services  
558 N. Towne Ave  
Pomona, CA 91767  

      DEFENDANTS  

:    CASE NO.:

:    JUDGE:

## COMPLAINT FOR MONEY DAMAGES AND DECLARATORY JUDGMENT

## JURY DEMAND ENDORSED HEREON

Now come Plaintiffs Kenneth and Rita Johansen, by and through undersigned Counsel, and hereby bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). Plaintiffs further hereby bring action under the Ohio Consumer Sales Practices Act ("CSPA"),

ORC 1345.02, et seq, a state statute enacted to broadly prohibit all deceptive, unfair, and unconscionable practices in consumer transactions.

## The Parties

1. At all times relevant hereto, PLAINTIFFS Kenneth and Rita Johansen ("Johansens" or "Plaintiffs");
   a. Have been living persons;
   b. Have resided at 5202 Avery Oak Drive, Dublin, Franklin County, Ohio 43016
   c. Have subscribed to residential and cellular telephone services;
   d. Had and used at Plaintiffs' home two (2) cellular telephones with the numbers 614-531-1022 and 614-657-6540 ("Plaintiffs' cellular numbers).
   e. Have made purchases within Ohio from other persons who regularly deal in goods, services and or intangibles for purposes that are primarily personal family or household and has received solicitation in Ohio to supply such items and, therefore, had both been a "consumer" as this term is defined in the Ohio Revised Code hereinafter "R.C.1345.01(D)".

2. At all times relevant hereto, DEFENDANT Origin Warranty, LLC, (" Origin")
   a. Has been a limited liability company organized under the law of California, and
   b. has been a resident of the State of California, having its principal place of business at 14960 Clarke Avenue, Hacienda Heights, CA 91745;
   c. Has conducted business in Ohio by, among other things, offering automobile warranty policies to Ohio consumers;
   d. Has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with the consumer and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

3. At all times relevant hereto, DEFENDANT Palmer Administrative Services, Inc., ("Palmer")
   a. Has been a corporation organized under the law of Delaware, and;
   b. Has been a resident of the State of New Jersey, having its principal place of business at 3430 Sunset Ave., Ocean, NJ 07712;

2

    c. Has conducted business in Ohio by, among other things, offering automobile warranty policies to Ohio consumers;

    d. Has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with the consumer and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

4. At all times relevant hereto, DEFENDANT Empire Consumer Services, ("Empire")

    a. Has been a Domestic Corporation organized under the laws of California, and

    b. Has been a resident of the State of California, having its principal place of business at 558 N. Towne Avenue, Pomona, CA 91767.

    c. Has conducted business in Ohio as an agent for Palmer Administrative Services, Inc., by, among other things, offering automobile warranty policies to Ohio consumers;

    d. Has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with the consumer and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and claims under the Ohio laws cited herein. Venue is proper in this Court because Plaintiffs reside, and DEFENDANTS conducts business in, Franklin County, Ohio.

## FACTUAL CLAIMS

6. Both of Plaintiffs' cellular numbers, from a period of several years prior and running through all dates referenced herein, have been placed on the National No Call Registry which, pursuant to the TCPA, allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or

3

    until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

7. At no time have Plaintiffs ever had a business relationship with DEFENDANTS, nor did they ever give DEFENDANTS their express permission to place any calls to their Telephone Numbers.

8. The Johansens have never removed their cellular telephone numbers from the National Do Not Call Registry.

## Empire Consumer Services Calls

9. Empire placed its initial call to PLAINTIFF Kenneth Johansen's 614-531-1022 cellular telephone on June 6, 2016 from an unknown number. A representative of Empire known as "Will" called PLAINTIFF and offered to sell him a Palmer Administration automobile warranty policy.

10. PLAINTIFF continued to receive calls from Empire as evidenced by his phone records below from June 14, 2016 to July 5, 2017 from a (614) 662-1092 number. PLAINTIFF received a total of seven called from Empire between these dates.

11. On July 5, 2017, an Empire representative called from a (614) 662-1092 number and stated, "Empire and Palmer are exactly the same company."

| Index | Date | Time | CID | Call to | Duration | Out/In |
|---|---|---|---|---|---|---|
| | | | Empire Consumer Services Calls | | | |
| 1 | 6/6/2016 | approx 14:00 | unknown | (614) 531-1022 | 34:23 | In |
| 2 | 6/14/2017 | 11:56 | (614) 662-1092 | (614) 531-1022 | 22:00 | In |
| 3 | 6/16/2017 | 15:01 | (614) 662-1092 | (614) 531-1022 | 1:00 | In |
| 4 | 6/21/2017 | 15:00 | (614) 662-1092 | (614) 531-1022 | 6:00 | In |
| 5 | 6/28/2017 | 17:10 | (614) 662-1092 | (614) 531-1022 | 1:00 | In |
| 6 | 7/3/2017 | 14:31 | (614) 662-1092 | (614) 531-1022 | 23:00 | In |
| 7 | 7/5/2017 | 11:15 | (614) 662-1092 | (614) 531-1022 | 19:00 | In |

## Origin Warranty, LLC Calls

12. On August 11, 2017, Plaintiffs received a call to their Cellular Telephone Number 614-531-1022 from a telemarketer, later determined to be DEFENDANTS using the Caller ID of 614-347-0315 for the commercial purpose of selling DEFENDANTS' products and/or services which are consumer goods and services.

13. On August 17, 2017, DEFENDANTS or its authorized agent(s) whom self-identified as calling on DEFENDANTS' behalf, called Plaintiffs' Cellular Telephone Number 614-531-1022 for the commercial purpose of selling DEFENDANTS' products and/or services which are consumer goods and services. Said call was made from the caller ID of 614-347-0315.

14. Additional calls were thereafter made–DEFENDANTS using number 614-347-0315 to Plaintiffs' Cellular Telephone Number 614-531-1022 on August 24, September 9, September 15, and September 29, 2017 for the commercial purpose of selling DEFENDANTS' products and/or services which are consumer goods and services.

15. On September 21, 2017, DEFENDANTS or its authorized agent(s) whom self-identified as calling on DEFENDANTS' behalf, called Plaintiffs' Cellular Telephone Number 614-531-1022 for the commercial purpose of selling DEFENDANTS' products and/or services which are consumer goods and services. Said call was made from the caller ID of 614-347-0315.

16. Said 9/21/17 call was transferred from an automated dialing device with a recorded message to a female representative identifying herself to Kenneth Johansen as "Rosie". "Rosie" subsequently transferred Mr. Johansen to a "supervisor" identifying himself as "James".

17. Plaintiff Kenneth Johansen repeatedly pressed "James" for details about his company's business. He requested details including business location, Better Business Bureau rating, etc. "James" claimed he'd given "more information than he should have" before hanging up on Plaintiff Kenneth Johansen. "James" claimed their company had an "A rating" from the Better Business Bureau, and the reason the company wasn't coming up on a BBB search was because their company had no history of complaints.

18. DEFENDANTS' agent James refused to provide an address of their business without first being provided Plaintiffs' credit card information, claiming such was "standard practice for any business". James stated their company was run by "Palmer Administrative in Ocean, New Jersey".

19. In addition to the calls the DEFENDANTS placed to PLAINTIFF Kenneth Johansen's 614-531-1022 cellular telephone using the 614-347-0315 caller ID, on August 18, the DEFENDANTS initiated a call to PLAINTIFF Rita Johansen's cellular telephone number, 614-657-6540. During this call the DEFENDANTS played a pre-recorded message offering vehicle warrantee protection.

20. The DEFENDANTS initiated additional calls to PLAINTFF's 614-657-6540 do not call registered cellular telephone number on October 28, November 17, November 20, December 8, and December 14, 2017 with the same 614-347-0315 caller ID. The PLAINTIFF believes that the commercial purpose of these calls was to sell the DEFENDANTS' products and/or services which are consumer goods and services.

21. All aforementioned calls answered by Plaintiffs or their voicemail were heard to be delivered by an automated dialer with a recorded voice greeting.

22. The DEFENDANTS initiated a total of 13 telemarketing calls to the PLAINTIFF's cellular telephones between August 11, 2017 and December 14, 2017. The table below provides the dates and times of the DEFENDANTS' calls.

| Index | Date | Time | CID | Call to | Duration | Out/In |
|---|---|---|---|---|---|---|
| | | | Origin Warranty Calls | | | |
| 1 | 8/11/2017 | 13:49 | (614) 347-0315 | (614) 531-1022 | 1:00 | In |
| 2 | 8/17/2017 | 10:55 | (614) 347-0315 | (614) 531-1022 | 30:00 | In |
| 3 | 8/24/2017 | 16:01 | (614) 347-0315 | (614) 531-1022 | 2:00 | In |
| 4 | 9/9/2017 | 15:46 | (614) 347-0315 | (614) 531-1022 | 2:00 | In |
| 5 | 9/15/2017 | 14:39 | (614) 347-0315 | (614) 531-1022 | 18:00 | In |
| 6 | 9/21/2017 | 14:37 | (614) 347-0315 | (614) 531-1022 | 38:00 | In |
| 7 | 9/29/2017 | 15:19 | (614) 347-0315 | (614) 531-1022 | 1:00 | In |
| 8 | 8/18/2017 | 18:25 | (614) 347-0315 | (614) 657-6540 | 2:00 | In |
| 9 | 10/28/2017 | 14:49 | (614) 347-0315 | (614) 657-6540 | 1:00 | In |
| 10 | 11/17/2017 | 14:26 | (614) 347-0315 | (614) 657-6540 | 1:00 | In |
| 11 | 11/20/2017 | 13:15 | (614) 347-0315 | (614) 657-6540 | 1:00 | In |
| 12 | 12/8/2017 | 15:14 | (614) 347-0315 | (614) 657-6540 | 1:00 | In |
| 13 | 12/14/2017 | 18:37 | (614) 347-0315 | (614) 657-6540 | 1:00 | In |

## LEGAL CLAIMS
## COUNT I: TCPA VIOLATIONS

23. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

24. In initiating these calls to deliver unsolicited advertisements to Plaintiffs without Plaintiffs' prior express consent, DEFENDANTS violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C.§227(b)(1)(B) and 47 U.S.C.§(b)(3)(B) and its regulations, including 47 C.F.R.§611200(a)(2), §64.1200(b)(2), §64.1200(d)(3)(A), §64.1200(d)(4).

25. Under ordinary principles of vicarious liability, DEFENDANT Empire is liable for the TCPA violations alleged above because they are directly involved in, authorized, or ratified Palmer's operations that violated the TCPA.

26. DEFENDANTS violated the TCPA by (a) initiating telephone solicitations to Plaintiffs whose telephone numbers were listed on the Do Not Call Registry, and/or (b) by the fact that others made those calls on DEFENDANTS' behalf. See 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

27. The DEFENDANTS' violations were negligent and/or knowing.

## COUNT II: CSPA VIOLATIONS

28. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

29. DEFENDANTS violated R.C. 1345.02(A) in numerous ways in their above-described interactions with Plaintiffs as follows:

30. DEFENDANTS did not voluntarily state the name of the person or entity on whose behalf the call was being made.

31. DEFENDANTS failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted.

32. DEFENDANTS failed to record Plaintiffs' names and phone numbers on its do not call list.

33. DEFENDANTS failed to train the caller's live representative in the maintenance and use of its Do-Not-Call-List.

34. DEFENDANTS failed to maintain a record of Plaintiffs' previous request that the caller place Plaintiffs names on its Do-Not-Call-List.
35. DEFENDANTS acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General.
36. DEFENDANTS acted as a telephone solicitor without having obtained a bond.
37. DEFENDANTS misstated their reputation and reliability by falsely claiming an "A rating with no history of complaints with the Better Business Bureau", when in fact the BBB gives Palmer only a "B" rating, and catalogues a host of complaints against Defendants by consumers around the country.

## RELIEF SOUGHT

38. Plaintiffs request the following relief:
39. **A.** Injunctive relief prohibiting such violations of the TCPA by the DEFENDANTS;
40. **B.** Because of the DEFENDANTS' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek treble damages, as provided by statute, for every call that violated the TCPA;
41. **C.** Because of DEFENDANTS' statutory violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek statutory damages for every call that violated the TCPA;
42. **D.** Because of DEFENDANTS' violations of 47 C.F.R. § 64.1200(c), Plaintiffs seek for any calls to their cellular telephone numbers at least twice within any 12-month period despite being registered with the National Do Not Call Registry, statutory damages for every call that violated such regulations, or—where such regulations were willfully or knowingly violated for each and every call in violation;
43. **For each of Plaintiffs' claims under the CSPA and award of the greater of $200 minimum statutory damages or treble any actual damages proven for each of DEFENDANTS' violations of the CSPA, plus an award of reasonable attorney fees pursuant to R.C. 1345.09(F).**
44. **E.** An award of court costs and interest as allowed by law. .

Respectfully Submitted,

*/s/ Darren L. Meade*

Darren L. Meade, #0063660
Attorney for Plaintiffs
3010 Hayden Road
Columbus, Ohio 43235
P: 614-349-1990
F: 614-798-1935
darren@parksandmeade.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all of their claims against DEFENDANTS.

*/s/ Darren L. Meade*

Darren L. Meade, #0063660
Attorney for Plaintiffs

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this 30th Day of July 2018 been served by Regular and Electronic Mail upon the following parties:

1. Defendant Origin Warranty, LLC
   14960 Clarke Ave.
   Hacienda Heights, CA 91745,

2. Defendant Palmer Administrative Services, Inc.
   3430 Sunset Avenue
   Ocean, NJ 07712

3. Defendant Empire Consumer Services
   558 N. Towne Ave
   Pomona, CA 91767

Respectfully Submitted,

*/s/ Darren L. Meade*

Darren L. Meade, #0063660
Attorney for Defendants

